LARRY L. BAUMBACH
State Bar No. 50086
LAW OFFICES OF LARRY L. BAUMBACH
686 Rio Lindo Avenue
Chico, CA 95926
Telephone: 530-891-6222

Attorney for Plaintiffs
CATHERINE GURNEY and CRAIG GURNEY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

CATHERINE GURNEY and CRAIG GURNEY,

Plaintiffs,

vs.

COUNTY OF BUTTE; BUTTE COUNTY SHERIFF'S DEPARTMENT; BUTTE COUNTY SHERIFF KORY HONEA; FORMER BUTTE COUNTY SHERIFF JERRY SMITH; JAIL COMMANDER, ANDREW DUCH; THE CALIFORNIA FORENSIC MEDICAL GROUP, INC.; DR. DOE BAKER; NURSE DEBBIE DOE; and DOES 1 through 50, Inclusive.

Defendants.

/

Case No.:

**COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMAND**

Plaintiffs, by and through their attorney, Law Offices of Larry L. Baumbach, for their complaint against Defendants, state as follows:

**JURISDICTION**

1. This is a civil rights wrongful death/survival action arising under Title 42 of the United States Code, Sections 1983 and 1988 and the Fifth, Eighth, NInth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367, to hear and decide claims arising under state law. The amount in

controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

2. All the events and/or omissions complained of herein occurred in the County of Butte, California and this Court is the proper Court for trial of the matter.

**PARTIES AND PROCEDURE**

3. Catherine and Craig Gurney were at all times herein mentioned the parents of Decedent Addison Gurney and are residents of the State of California. Decedent Addison Gurney has no other heirs surviving him other than Plaintiffs.

4. Plaintiffs bring these claims pursuant to California Code of Civil Procedure Sections 377.20 et seq. and 377.60 et seq. which provide for survival and wrongful death actions. Plaintiffs also bring their claims individually and on behalf of Decedent Addison Gurney on the basis of 42 U.S.C. §§1983 and 1988, the United States Constitution, and federal and state civil rights law.

5. Defendant COUNTY OF BUTTE ("COUNTY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the COUNTY operates the Butte County Jail and the Butte County Sheriff's Department.

6. Defendant SHERIFF JERRY SMITH, at all times mentioned herein, was employed by Defendant COUNTY as Sheriff for the COUNTY from January, 2010 through April, 2014 and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as Sheriff for the COUNTY.

7. Defendant SHERIFF KORY HONEA, at all times mentioned herein, was employed by Defendant COUNTY as Sheriff for the COUNTY beginning May, 2014 to the present and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as Sheriff for the COUNTY.

8. Defendant ANDREW DUCH and DOES 1 through 20 were employed by Defendant COUNTY and Defendant SHERIFF'S DEPARTMENT as custodial officers in charge of all prisoners held in the Butte County Jail and are sued in their individual and

official capacities and each was acting within the course and scope of that employment and under color of state law.

9. Defendant DOE BAKER was at all times herein mentioned a licensed medical doctor in charge of and under contract with BUTTE COUNTY for medical services provided to the inmates of the BUTTE COUNTY JAIL and at all times mentioned herein was acting within the course and scope of his employment as the medical director for the BUTTE COUNTY JAIL. At all times Defendant NURSE DEBBIE DOE was at all times herein mentioned a licensed nurse employed by Defendant COUNTY and by Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INC. and was responsible for evaluating and monitoring the physical condition of Decedent Addison Gurney and she failed to do so or to summon medical care for Decedent despite the fact that Addison was exhibiting symptoms consistent with internal bleeding caused by a severe internal disruption of the function of his internal organs and failed to summon medical emergency treatment.

10. Defendant DEBBIE DOE acted under the color of law and in the course and scope of her employment with Defendant COUNTY OF BUTTE and CALIFORNIA FORENSIC MEDICAL GROUP, INC.

11. Defendant CALIFORNA FORENSIC MEDICAL GROUP, INC. ("GROUP"), was at all times herein mentioned a corporation licensed to do business in California. Defendant GROUP provided medical and nursing care to prisoners and detainees in BUTTE COUNTY JAIL, pursuant to contract with the COUNTY OF BUTTE. On information and belief, GROUP and its employee and agent, Defendant BAKER, are responsible for making and enforcing policies, procedures, and training related to the medical care of prisoners and detainees in Defendant COUNTY OF BUTTE JAIL, including assessing inmates for their medical needs and insuring that inmates who enter the jail while under medical treatment from a physician and who are undergoing medical treatment for serious diseases by way of prescriptions and devices continue to receive that treatment while in custody.

12. Defendant DOE BAKER, M.D., ("BAKER") was at all times mentioned a physician licensed to practice medicine in the State of California, an employee and/or agent of Defendant GROUP, working as the medical director of Defendant COUNTY JAIL responsible for overseeing and providing medical care to prisoners and detainees and was acting within the course and scope of that employment. On information and belief Defendant BAKER was ultimately responsible for GROUP's provision of medical care to inmates at the jail including assessing inmates continuing medication and treatment needs while in custody and preventing the unnecessary withholding of important medical treatment and the safe handling of inmates who need necessary treatment, and all GROUP policies, procedures and training related thereto.

13. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 5 through 20 inclusive and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 5-20, inclusive, when they have been ascertained.

14. Plaintiffs are informed and believe and thereon allege that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator and/or alter ego of the remaining Defendants and in doing the things herein alleged was acting within the course and scope of that relationship. Plaintiffs are further informed and believe and thereon allege that each of the Defendants herein gave consent, aid and assistance to each of the remaining Defendants and ratified and/'or authorized the acts or omissions of each Defendant as alleged herein except as maybe hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

15. The acts and omissions of all DOE Defendants as set forth herein were at material times pursuant to the actual customs, policies, practices and procedures of the

COUNTY OF BUTTE and the BUTTE COUNTY SHERIFF'S DEPARTMENT and/or GROUP.

16. At all material times each Defendant acted under color of the laws, statutes, ordinances and regulations of the State of California.

17. Each Plaintiff timely and properly filed tort claims pursuant to California Government Code §910 et seq. and this action is timely filed within all applicable statutes of limitations.

18. This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d).

**GENERAL ALLEGATIONS**

19. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

20. On or about April, 2014, Decedent Addison Gurney had been sentenced to serve COUNTY JAIL time and was declared to be too sick for a Sheriff's work alternative program and was instead ordered to jail. Upon arriving at jail, Addison was declared not to be ill and no treatment was provided to him for his illness and no continuation of his treatment was carried out leaving him without the support of medication he was required to take. At the time of his incarceration in the BUTTE COUNTY JAIL, Addison Gurney had a history of chronic abdominal pain, nausea, vomiting and occasional coffee ground emesis which raised indications of a gastrointestinal bleed. While in the care and custody and control of BUTTE COUNTY JAIL and without receiving any medical treatment or attention, Addison Gurney's condition deteriorated to the point where he was so weak and noncompliant that the Defendants saw fit to release him prior to the completion of his sentence rather than treat him. Addison Gurney was released to the custody of the Plaintiffs on June 30, 2014. He died on July 2, 2014. Addison Gurney was found at autopsy to have blood in his stomach and in the upper gastrointestinal tract and his final cause of death was indicated as "acute gastrointestinal hemorrhage". Prior to his incarceration, Addison Gurney had been prescribed Nexium therapy and a proton pump

inhibitor (PPI). At the time of his incarceration, his Nexium and PPI therapy were withdrawn by jail staff. Addison Gurney was an inmate at the BUTTE COUNTY JAIL between April, 2014 and June 30, 2014. Despite being informed of Addison's medical needs by both Addison and by Plaintiffs, during the time of his incarceration and the denial of medications and PPI administration, he was not permitted to visit a physician. Plaintiffs bring this civil rights action to redress the deprivation under color of state law of rights, privileges and immunities secured to the Plaintiffs by provisions of the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution. Plaintiffs allege that Decedent Addison Gurney had been denied access to adequate and competent medical treatment, care and facilities that led directly to his death. The Defendant COUNTY CORRECTION OFFICIALS and their employees have failed and refused to transport Addison Gurney to medical appointments with his treating physician, failed and refused to carry out and/or complete physician's treatment plans and orders and failed and refused to deliver prescribed medication, medical equipment and treatment kits.

21. On information and belief, during or around the time of his admission to jail, Decedent Addison Gurney informed jail nursing staff, including but not limited to Defendants DOE BAKER, ANDREW DUCH and NURSE DEBBIE that he had a history of GI bleeds and that he was under the care of a physician and that he was on a treatment plan as outlined herein. On information and belief, standards for admission of inmates to confinement require a complete physical assessment including an assessment of the medications required by the inmate. On information and belief, Defendants never followed through with the BUTTE COUNTY protocol in assessing the medical needs of Decedent nor did they consult with Decedent's treating physician or review Decedent's medical records but proceeded to withdraw all medications from the Decedent a fact that led directly to his death. Defendants did not perform any laboratory tests on Decedent, conducted no physical examination of Decedent, consulted no outside treating physicians of the Decedent and no physician ever saw Decedent and no medical personnel ever performed

a follow-up examination or provided any treatment to Decedent while in the custody and care of Defendants.

22. In or around June 30, 2014 and before that date, Decedent was displaying obvious signs of deterioration in his general condition and exhibited lethargy and lack of cognition sufficient to indicate a medical necessity for him to be seen by a physician. Rather than treat the Decedent, the Defendant JAIL COMMANDER DUCH released the Decedent and failed to disclose any medical observations that had been made by the jail staff and by medical staff either because he did not know what the medical condition was or suspected that the medical condition existed and simply desired to remove Plaintiffs' Decedent from jail responsibility. Following the death of Plaintiffs' Decedent, Defendant DUCH commented to the Plaintiffs that after all Decedent did not die on his watch but died on Plaintiffs' watch.

23. Defendants DUCH and NURSE DEBBIE and DOES 5-20 knew or must have known that Decedent was critically ill with serious medical needs including the risks of internal bleeding along with psychiatric impairments and Defendants were deliberately indifferent to these serious medical needs. These Defendants further knew or must have known that if not treated, Decedent's serious medical condition would worsen and cause Decedent harm or death. Despite this knowledge, these Defendants acting under color of state law in their individual and personal capacities through their deliberate indifference subjected or allowed others to subject Decedent to delay and denial of access to medical and mental healthcare and treatment, failed to provide competent medical and mental care and treatment, failed to place him on appropriate and prescribed treatment, medications and protocols, failed to provide him access and delivery to a hospital for the care and treatment of his life-threatening medical condition.

24. After Defendants denied Decedent reasonable and necessary medical care for his serious medical needs, Decedent was discharged from the BUTTE COUNTY JAIL prematurely so as to relieve the Defendants from continued responsibility for care of the symptoms they had observed and to which they were deliberately indifferent.

25. Defendants' conduct herein including but not limited to their decisions to deny Decedent necessary medical care, failure to provide competent care and treatment, failure to place him on appropriate and prescribed treatment for his condition, failure to provide him access and delivery to a hospital for care and treatment for his life-threatening medical condition, the manner in which they treated and incarcerated him and their acts and omissions under these circumstances, was contrary to generally accepted reasonable jail and medical procedures and standards, failed to comply with the appropriate standard of care and contributed to and caused the wrongful death of Addison Gurney.

26. Alternatively or concurrently, Decedent's death was the proximate result of Defendant COUNTY and SHERIFF SMITH's and SHERIFF HONEA's failure to responsibly train their Deputy Sheriffs in the proper and reasonable assessment and observation of inmates and failure to implement and enforce generally accepted lawful policies and procedures at the jail and allowing and/or ratifying deliberate indifference to this serious medical/psychiatric needs of inmates. These substantial failures reflect Defendant COUNTY's policies that implicitly ratified and authorized the deliberate indifference to serious medical needs of Decedent Addison and the failure to reasonably train and instruct, monitor, supervise, investigate and discipline Sheriff's Custodial Officers employed by Defendant COUNTY.

27. Alternatively or concurrently, Decedent's death was the proximate result of Defendant GROUP's and DR. BAKER's and NURSE DEBBIE DOE's failure to reasonably train their medical and mental healthcare staff in the proper and reasonable care of chronically ill, mentally ill and/or emotionally disturbed inmates, failure to implement and enforce generally accepted lawful policies and procedures at the jail and deliberate indifference to the serious medical/psychiatric needs of inmates. These substantial failures reflect Defendant GROUP's policies implicitly ratifying and/or authorizing the deliberate indifference to serious medical needs by its medical and mental healthcare staff and the failure to reasonably train, instruct, monitor, supervise, investigate and discipline medical

and mental healthcare staff employed Defendant GROUP in the handling of how chronically ill, mentally ill, and/or emotionally disturbed inmates.

28. At all material times, and alternatively, the actions and omissions of the Defendants were intentional, wanton and/or willful, conscious, shocking, reckless, malicious, deliberately indifferent to Decedent's and Plaintiffs' rights done with actual malice, grossly negligent, negligent, and objectively unreasonable.

29. As a direct and proximate result of each Defendant's acts or omissions set forth above, Plaintiffs sustain the following injuries and damages past and future among others:

a. Wrongful death of Addison Gurney;

b. Coroner's fees, funeral and burial expenses;

c. Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;

d. Loss of economic support;

e. Violation of constitutional rights;

f. Emotional distress;

g. Addison Gurney's loss of life pursuant to federal civil rights law;

h. Addison Gurney's conscious pain and suffering pursuant to federal civil rights law;

i. All damages and penalties recoverable under 42 U.S.C. §§1983 and 1988 and as otherwise allowed under California and United States statutes, codes, and common law.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. §1983)**
**ALL PLAINTIFFS AGAINST DEFENDANTS COUNTY OF BUTTE, JAIL COMMANDER ANDREW DUCH, CALIFORNIA FORENSIC MEDICAL GROUP, INC., DR. DOE BAKER, NURSE DEBBIE DOE AND DOES 1-50**

30. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

31. By the actions and omissions described above, Defendants COUNTY OF BUTTE, JAIL COMMANDER ANDREW DUCH, CALIFORNIA FORENSIC MEDICAL GROUP, INC., DR. DOE BAKER, NURSE DEBBIE DOE and DOES 1-50 violated 42 U.S.C. §1983 depriving Plaintiffs of the following clearly established and well-settled constitutional rights protected by the Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution:

a. The right to be free from deliberate indifference to Decedent's serious medical needs while in custody as a prisoner as secured by the Eighth Amendment and the Fourteenth Amendment;

b. The right to be free from wrongful government interference with familial relationships and Plaintiffs' right to companionship, society and support of each other as secured by the Fifth, Eighth, Ninth and Fourteenth Amendments and as secured by California Code of Civil Procedure 377.20 et seq. and 377.60 et seq.

32. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of the rights described herein, knowingly, maliciously and with conscious and reckless disregard for whether the rights and safety of Plaintiffs individually and on behalf of Addison Gurney and others would be violated by their acts and/or omissions.

33. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth above at paragraph 29.

34. The conduct of Defendants COUNTY OF BUTTE, JAIL COMMANDER ANDREW DUCH, CALIFORNIA FORENSIC MEDICAL GROUP, INC., DR. DOE BAKER, NURSE DEBBIE DOE and DOES 5-20 entitles Plaintiffs to punitive and penalties damages and penalties allowable under 42 U.S.C. §1983 and California Code of Civil Procedure §377.20 et seq. and other state and federal laws. Plaintiffs do not seek punitive damages against municipal Defendants.

35. Plaintiffs are also entitled to reasonable costs and attorneys fees under 42 U.S.C. §1988 and applicable California codes and laws.

**SECOND CAUSE OF ACTION**
**(*Monell* – 42 U.S.C. §1983)**
**ALL PLAINTIFFS AGAINST DEFENDANTS COUNTY OF BUTTE, FORMER SHERIFF JERRY SMITH, BUTTE COUNTY SHERIFF KORY HONEA, JAIL COMMANDER ANDREW DUCH, DR. DOE BAKER, NURSE DEBBIE DOE AND DOES 5-20**

36. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

37. The unconstitutional actions and/or omissions of Defendants COUNTY OF BUTTE, FORMER SHERIFF JERRY SMITH, BUTTE COUNTY SHERIFF KORY HONEA, JAIL COMMANDER ANDREW DUCH, DR. DOE BAKER, NURSE DEBBIE DOE AND DOES 5-20 as well as other officers employed by or acting on behalf of the Defendants COUNTY OF BUTTE and/or GROUP on information and belief, were pursuant to the following customs, policies, practices and/or procedures of the COUNTY OF BUTTE and/or GROUP, stated in the alternative, which were directed, encouraged, allowed and/or ratified by policy making officers for the COUNTY and its SHERIFF'S DEPARTMENT and/or GROUP:

a. To fail to use appropriate and generally accepted law enforcement procedures for handling mentally ill and/or emotionally disturbed persons;

b. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling mentally ill and/or emotionally disturbed persons;

c. To deny inmates at the COUNTY JAIL access to appropriate, competent and necessary care for serious medical and psychiatric needs;

d. To fail to institute proper procedures for prevention and treatment of severe illnesses, to coordinate inmate assessment, placement, and treatment decisions, and care with the jail physicians and nursing staff, jail mental health staff, and jail corrections staff;

e. To fail to institute, require, and enforce proper and adequate training and supervision, policies and procedures concerning handling chronically ill and mentally ill and/or emotionally disturbed inmates at the COUNTY JAIL;

f. To cover-up violations of constitutional rights by any and all of the following:

i. By ignoring and/or failing to properly and adequately investigate and/or investigate and discipline unconstitutional or unlawful law enforcement activity; and

ii. By allowing, tolerating, and/or encouraging law enforcement officers to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information;

g. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and sheriff's department personnel, whereby an officer or member of the sheriff's department does not provide adverse information against a fellow officer or member of the department; and

h. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code §910 et seq.

38. Defendants COUNTY OF BUTTE, SMITH, HONEA, GROUP, BAKER and NURSE DEBBIE failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants DUCH and NURSE DEBBIE and DOES 5-20 and other COUNTY, SHERIFF'S DEPARTMENT and GROUP personnel with deliberate

indifference to Plaintiffs' constitutional rights which were thereby violated as described above.

39. The unconstitutional actions and/or omissions of Defendants COUNTY OF BUTTE, FORMER SHERIFF JERRY SMITH, BUTTE COUNTY SHERIFF KORY HONEA, JAIL COMMANDER ANDREW DUCH, DR. DOE BAKER, NURSE DEBBIE DOE and DOES 5-20 and other sheriff's department personnel as described above, were approved, tolerated, and/or ratified by policy making officers for the COUNTY OF BUTTE and its sheriff's department, including SHERIFF SMITH, and SHERIFF HONEA and GROUP and by DR. BAKER. Plaintiffs are informed and believe and thereon allege that the details of this incident have been revealed to the authorized policymakers within the COUNTY OF BUTTE, the BUTTE COUNTY SHERIFF'S DEPARTMENT and GROUP, and that such policymakers have direct knowledge of the fact that the death of Addison Gurney was not justified but rather represented an unconstitutional display of unreasonable neglect, deprivation of medical treatment and deliberate indifference to serious medical needs. Notwithstanding this knowledge, the authorized policymakers within the COUNTY, its sheriff's department and GROUP have approved of DR. BAKER, NURSE DEBBIE, JAIL COMMANDER DUCH and DOES 5-20's conduct and decisions in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of Addison Gurney. By so doing, the authorized policymakers within the COUNTY and its Sheriff's Department have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants.

40. The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification and toleration of unlawful conduct of Defendants COUNTY OF BUTTE, SMITH, HONEA were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly established and well-

settled constitutional rights in violation of 42 U.S.C. §1983, as more fully set forth above in paragraphs 29 and 37.

41. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

42. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants COUNTY OF BUTTE, SMITH, HONEA, BAKER, GROUP and DOES 5-20 as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorney fees as set forth above in paragraphs 29 - 37 and punitive damages against Defendants SHERIFF SMITH and SHERIFF HONEA, DR. BAKER and DOES 5-20 in their individual capacities.

**THIRD CAUSE OF ACTION**
**(Violation of Civil Code §52.1)**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

43. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

44. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, and with threats, intimidations, and/or coercion, violated Plaintiffs' rights under California Civil Code §52.1 and following clearly established rights under the United States Constitution and the California Constitution:

a. The right to be free from deliberate indifference to Decedent's serious medical needs while in custody as a prisoner as secured by the Eighth and Fourteenth Amendments to the U.S. Constitution and by California Constitution, Article 1, Sections 7 and 17;

b. The right to be free from wrongful government interference with familial relationships and Plaintiffs' right to companionship, society and support of each other as secured by the Fifth, Eighth and Fourteenth

Amendments and as secured by California Code of Civil Procedure §§377.20 et seq. and 377.60 et seq.;

c. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1;

d. The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

e. The right to medical care as required by California Government Code §845.6.

45. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiffs' rights under the United States and California Constitutions, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at paragraphs 29 - 37 and punitive damages against all individual Defendants, including all damages allowed by California Civil Code §§52 and 52.1 and California law, not limited to costs, attorney fees and civil penalties.

**FOURTH CAUSE OF ACTION**
**(Negligence)**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

46. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

47. At all times, each Defendant owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law or legal obligation applicable to each Plaintiff.

48. At all times, each Defendant owed Plaintiffs the duty to act with reasonable care.

49. These general duties of reasonable care and due care owed to Plaintiffs by all Defendants include but are not limited to the following specific obligations:

a. To provide, or cause to be provided, prompt and appropriate medical care for Decedent;

b. To summon necessary and appropriate medical care for Decedent;

c. To refrain from unreasonably creating danger or increasing Decedent's risk of harm;

d. To use generally accepted law enforcement procedures and tactics that are reasonable and appropriate for Decedent's status as a mentally ill and emotionally disturbed person with serious medical needs;

e. To refrain from abusing their authority granted them by law;

f. To refrain from violating Plaintiffs' rights as guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

50. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants COUNTY OF BUTTE, SHERIFF SMITH, SHERIFF HONEA, GROUP, DR. BAKER and DOES 5-20 include but are not limited to the following specific obligations:

a. To properly and reasonably hire, supervise, train, retain, investigate, monitor, evaluate, and discipline each person (i) who was responsible for providing medical and mental health care for Decedent, (ii) who was responsible for the safe and appropriate jail custody of Decedent, (iii) who denied Decedent medical attention or access to medical care and treatment, and/or (iv) who failed to summon necessary and appropriate medical care for Decedent;

b. To properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with the law;

c. To institute and enforce proper procedures and training for prevention and treatment of and continued treatment of ill inmates who are suffering from ongoing medical conditions and who require continuing treatment, to coordinate inmate assessment, placement, and care with the jail physicians and nursing staff, jail mental health staff and jail correctional staff;

d. To make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiffs';

e. To refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth above at paragraphs 37 and 44.

51. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.

52. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at paragraphs 29 - 37 and punitive damages against all individual Defendants.

**FIFTH CAUSE OF ACTION**
**(Violation of California Government Code §845.6)**
**ALL PLAINTIFFS AGAINST DEFENDANTS SMITH, HONEA, COUNTY OF BUTTE, GROUP and BAKER**

53. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

54. Defendants SMITH, HONEA, DUCH and DOES 5-20 knew or had reason to know that Decedent was in need of immediate and higher level medical care, treatment, observation and monitoring, including being continued on maintenance medication and medical devices to provide for his condition and/or being transferred for emergency inpatient hospitalization once Decedent's health status declined and Defendants failed and refused to take reasonable action to summon and/or to provide him access to such medical care and treatment. Each such individual Defendant, employed by and acting within the

course and scope of his/her employment with Defendant COUNTY, knowing and/or having reason to know this, failed to take reasonable action to summon and/or provide Decedent access to such care and treatment in violation of California Government Code §845.6.

55. As legal cause of the aforementioned acts of ALL DEFENDANTS, Plaintiffs were injured as set forth above, and their losses entitle them to all damages allowable under California law. Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees under California law as set forth in paragraphs 29 – 37 and 43 above.

**SIXTH CAUSE OF ACTION**
**(Medical Malpractice)**
**AGAINST DR. DOE BAKER, PSYCHIATRIC NURSE DEBBIE DOE and CALIFORNIA FORENSIC MEDICAL GROUP, INC.**

56. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

57. The true names, capacities whether individual, corporate, associate or otherwise of Defendants DOES 1-30 inclusive are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages approximately thereby to Plaintiffs as herein alleged. Plaintiffs request leave of court to amend this complaint to show their true names when known to Plaintiffs together with apt and proper charging words. Plaintiffs CATHERINE and CRAIG GURNEY are informed and believe and on such information and belief allege that Defendants CALIFORNIA FORENSIC MEDICAL GROUP, INC., is a corporation organized and existing under the laws of California with its principle place of business at Oroville, California dn now is at all times mentioned was engaged in providing medical support to the inmates and prisoners contained in the BUTTE COUNTY JAIL.

58. At all times mentioned, Defendants DOES 1-12 were the agents or employees of Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INC., and in doing the things herein mentioned, they were acting within the course and scope of their authority

as such agents and employees with the consent of their Co-Defendants. At all times herein mentioned, DR. DOE BAKER and NURSE DEBBIE DOE were employees of CALIFORNIA FORENSIC MEDICAL GROUP, INC. and/or the COUNTY OF BUTTE and in doing the acts alleged herein were acting within the course and scope of their authority as such agents and employees with the consent of their Co-Defendants.

59. On or about April 20, 2014 through June 30, 2014, Addison Gurney was an inmate of the BUTTE COUNTY JAIL and at the same time was under the medical care of a physician who had prescribed medical treatment in the form of medications and devices necessary for his continued well-being. At that time, the Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INC., Defendant BAKER and Defendant DEBBIE undertook the responsibility for continuing the administration of medical services for Plaintiffs' Decedent Addison Gurney. As a proximate result of the negligence of Defendants and each of them, Addison Gurney developed serious unremitting and fatal internal bleeding that led to his deterioration and death within two days of being released from the BUTTE COUNTY JAIL, Addison Gurney died as a direct and proximate result of the negligent treatment of the Defendants as described herein. As a further proximate result of the negligence of CALIFORNIA FORENSIC MEDICAL GROUP, INC. and Defendant BAKER and Defendant DEBBIE, Plaintiffs, the survivors of Decedent, Addison Gurney incurred funeral and post-mortem expenses, and suffered the loss of Plaintiffs' right to companionship, society and support of each other.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

a. Compensatory and exemplary damages in an amount according to proof and which is fair, just, and reasonable;

b. Punitive damages under 42 U.S.C. §1983 and California law in an amount according to proof and which is fair, just, and reasonable;

c. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§1983 and 1988; California Code of Civil Procedure §§377.20 et seq., 377.60 et seq., and 1021.5; California Civil Code §§52 et seq., 52.1; and as otherwise may be allowed by California and/or federal law;

d. Declaratory and injunctive relief, including but not limited to the following:

i. An order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for handling addicted, mentally ill and/or emotionally disturbed persons, and/or persons with serious medical needs;

ii. An order prohibiting Defendants and their sheriff's deputies from engaging in the "code of silence" as may be supported by the evidence in this case;

iii. An order requiring Defendants to train all medical and mental health professionals concerning generally accepted and proper tactics and procedures for the care and treatment of chemically dependent, mentally ill and/or emotionally disturbed persons and/or persons with serious medical needs and this Court's order concerning the issues raised in injunctive relief as requested above.

e. Such other and further relief as this Court may deem appropriate.

**JURY DEMAND**

Plaintiffs hereby demand a jury trial in this action.

Dated: 6 - 30, 2015

LAW OFFICES OF LARRY L. BAUMBACH

By: [signature]

LARRY L. BAUMBACH
Attorney for Plaintiff